IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02284-BNB

EARL CROWNHART,

Applicant,

v.

LARRY REID, Warden, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN -7 2009

GREGORY C. LANGHAM
                        CLERK

## ORDER OF DISMISSAL

Applicant Earl Crownhart is a prisoner in the custody of the Colorado Department of Corrections at the San Carlos Correctional Facility in Pueblo, Colorado. Mr. Crownhart initiated this action by submitting to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Crownhart appears to be challenging the validity of his conviction and sentence in case number 07CR496 in the Mesa County District Court.

In an order entered on November 13, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response (Pre-Answer) to address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A), if they intend to raise either or both of those defenses. On December 3, 2008, Respondents filed a Pre-Answer. Mr.

Crownhart has filed several pleadings that appear to be attempts at either replying to the Court's November 13, 2008, Order or to Respondents' Pre-Answer.

The Court must construe liberally the Application and the other pleadings filed by Mr. Crownhart because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Mr. Crownhart pled guilty to one count of felony menacing and was sentenced, on April 19, 2007, to three years in prison. (Pre-Answer at App. A.) Mr. Crownhart did not file a direct appeal, but he has filed at least seven postconviction motions. (Pre-Answer at App. A.) None of the seven postconviction proceedings identified by Respondents in both the Pre-Answer and Appendix A, which is attached to the Pre-Answer, were appealed to the Colorado Court of Appeals.

In April 2008, Mr. Crownhart, however, submitted copies of one of the trial court's orders, along with other documents, to the Colorado Supreme Court. (Pre-Answer at 3.) The Colorado Supreme Court responded to Mr. Crownhart by letter, regarding the documents, and informed him that the documents were insufficient to open a case, but the Court, nonetheless, docketed the documents under a case number. (Pre-Answer at 3.) The Colorado Supreme Court subsequently transferred the case to the Colorado Court of Appeals, and the court of appeals directed Mr. Crownhart to file a notice of appeal with the trial court within twenty-one days, which Mr. Crownhart failed to do and the appeal was dismissed. (Pre-Answer at 4-5.)

Mr. Crownhart asserts three claims for relief in his Application. Although each of the claims identified on Pages Six and Seven of the Application form are prolix and unintelligent, an attachment to Mr. Crownhart's November 21, 2008, pleading, filed apparently in response to the Court's November 13, 2008, Order, indicates that Mr. Crownhart is attempting to challenge his state sentence, claiming that his sentence should be reduced, and his due process rights have been violated. (Nov. 21, 2008, Pleading at 3.) He also, in his May 9, 2008, motion filed in the state trial court, asserts he was subjected to an illegal sentence that is beyond the presumptive range. (Pre-Answer at App. D.)

Upon review of Respondents' Pre-Answer, the Court finds that while Mr. Crownhart was filing postconviction motions in state court, simultaneously he attempted to file a habeas action in this Court. Overall, Mr. Crownhart has filed at least four previous habeas corpus actions, three of which were filed prior to his conviction and sentence in the criminal case at issue in this action. *See Crownhart v. Salazar*, No. 07-cv-00943-ZLW (D. Colo. Aug. 1, 2007) (Section 2254 action dismissed for failure to comply with Fed. R. Civ. P. 8.); *Crownhart v. Estep, et al.*, No. 07-cv-00854-ZLW (D. Colo. July 20, 2007) (Section 2254 action dismissed for failure to comply with Fed. R. Civ. P. 8.); *Crownhart v. Irwin*, No. 07-cv-00300-ZLW (D. Colo. Apr. 13, 2007) (Section 2241 action dismissed for failure to comply with Fed. R. Civ. P. 8.); *Crownhart v. Loose*, No. 07-cv-00299-ZLW (D. Colo. Apr. 13, 2007) (Section 2241 action dismissed for failure to comply with Fed. R. Civ. P. 8.). As noted, each of the four habeas actions were dismissed pursuant to Rule 8 because Mr. Crownhart was unable to present

intelligible pleadings to the Court. Mr. Crownhart does have one § 2241 action pending before this Court in *Crownhart v. Reid*, No. 08-cv-00692-PAB-KLM (Filed Apr. 4, 2008). Since filing Case No. 08-cv-00692-PAB-KLM, however, Mr. Crownhart has continued to paper the Court with nonsensical pleadings, which has resulted in 165 entries on the docket and the Court either denying or striking the inappropriate pleadings.

Respondents concede that the instant action is timely pursuant to 28 U.S.C. § 2244(d). Respondents, however, contend that to the extent Mr. Crownhart intends to challenge the validity of his conviction and sentence in Case No. 07CR496, he has not properly exhausted his claims in state court and the claims are procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d

1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that the time now has passed to file an appeal of any of the claims Mr. Crownhart asserted in state court. (Pre-Answer at 11.) Furthermore, Respondents contend that any attempt to relitigate these claims would be rejected as successive and an abuse of process under Colo. R. Crim. P. 35(c)(3)(VII). Mr. Crownhart failed to address with any clarity in any of the pleadings he has filed in the instant action the issue of exhaustion and procedural default of his claims.

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or

regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review. *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Crownhart's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

6

Mr. Crownhart no longer has an adequate and effective state remedy available to him because the Colorado Rules of Criminal Procedure prohibits successive postconviction Rule 35 motions with limited exceptions that are not applicable to the claims Mr. Crownhart has failed to exhaust. *See* Colo. R. Crim. P. 35(c)(3)(VI) & (VII). Mr. Crownhart also fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his claims will result in a fundamental miscarriage of justice. Therefore, the Court finds that the Application is procedurally barred and must be dismissed.

III. Conclusion

Based on the above findings, the Application will be denied as procedurally barred. Accordingly, it is

ORDERED that Application is denied and the action is dismissed for the reasons stated in this Order.

DATED at Denver, Colorado, this 7 day of Jan., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02284-BNB

Earl Crownhart
Prisoner No. 113771
San Carlos Corr. Facility
1410 W. 13th Street
PO Box 3
Pueblo, CO 81003

John J. Fuerst
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

  I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/7/09

        GREGORY C. LANGHAM, CLERK

        By: _____
            Deputy Clerk